UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELONZIO ODUMS, : | |
| : | |
| Plaintiff, : | Civ. No. 16-5950 (RBK) (JS) |
| : | |
| v. : | |
| : | |
| NEW JERSEY DEPARTMENT OF : | |
| CORRECTIONS CENTRAL : | |
| TRANSPORTATION, et al., : | **OPINION** |
| : | |
| Defendants. : | |
| : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Plaintiff, Elonzio Odums, is a state prisoner currently incarcerated at the South Woods State Prison ("SWSP") in Bridgeton, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. He has also filed a motion for the appointment of pro bono counsel.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, Mr. Odums' federal claims will be dismissed (with prejudice as to one defendant and without prejudice as to the remaining defendants) and this Court will decline to exercise supplemental jurisdiction over Mr. Odums' state law claims. Mr. Odums' motion for the appointment of pro bono counsel will also be denied without prejudice.

## II.     BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. Mr. Odums names several defendants in the complaint; they are:  (1) New Jersey Department of Corrections ("NJDOC") Central Transportation; (2) Gary M. Lanigan – Commissioner of the New Jersey Department of Corrections; (3) John Doe – NJDOC Officer; (4) John Doe 1 – NJDOC Officer; (5) University Correctional Healthcare ("UCHC"); (6) Jeffrey Dickert – COO of UCHC; (7) Margret Reed – Medical Advocate of UCHC; (8) Melissa Doe – Nurse Practitioner at SWSP; (9) Jane Doe – Licensed Practical Nurse at SWSP; (10) Officer Cockern – Central Transportation Officer with NJDOC; and (11) Officer Cowin – Central Transportation Officer with NJDOC.

Mr. Odums is without a left leg and is confined to a wheelchair. Mr. Odums developed an infection in his right big toe that required a transfer to a hospital. On February 16, 2016, Mr. Odums was transferred to Inspiria Health Center in Vineland, New Jersey, by ambulance.

Defendants Cockern and Cowin transported Mr. Odums back from the hospital that same day in a vehicle. Mr. Odums told the officers that he did not have his prosthetic leg with him to be placed in the vehicle. Cockern and Cowin did not obtain other transportation after Mr. Odums advised them that he is usually transferred in a van or ambulance and strapped in while in his wheelchair. Upon Cockern and Cowin lifting Mr. Odums into the vehicle, Mr. Odums leg hit the car causing a big gash. The complaint then states that Cockern and Cowin "would get me any medical attention." (Dkt. No. 1 at p.3) Mr. Odums states that this gash has not healed leaving him in constant pain and bleeding as he is a diabetic.

As to the other defendants named in the complaint, Mr. Odums states as follows:

> The plaintiff sought from the New Jersey Department of Corrections, Gary M. Lanigan and the University Correctional Healthcare that failed to correct this issue.
>
> The plaintiff was refused medical care from University Correctional Healthcare, Dr. Jeffrey Dickert, Margret Reed, Melissa Doe and Jane Doe on several occasions.
>
> Due to the reckless disregard of my health by these officers, administrative officials and medical department the only other recourse if for the amputation of the one leg I have left.

(Dkt. No. 1 at p.3) Mr. Odums claims that the defendants have violated his Eighth Amendment rights by failing to provide him medical care. Furthermore, Mr. Odums alleges that the defendants are liable to him under state law. He seeks monetary damages as relief.

### III.     LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV.   DISCUSSION

A. Cockern & Cowin

As previously stated, Mr. Odums is seeking monetary damages from all the defendants for violating his Eighth Amendment rights to provide him medical care.

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment... (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

Mr. Odums fails to state an Eighth Amendment claim against Cockern and Cowin. Indeed, while he states a gash was created on his leg when they attempted to lift him into the automobile, he does not allege that these officers refused to provide him medical treatment. Rather, the complaint states that they "would get me any medical attention." (Dkt. No. 1 at p.3) It may be that Mr. Odums meant to say that Cockern and Cowin "would NOT" get him medical attention for the gash in his leg. However, that is not what Mr. Odums states in his complaint and this Court will not infer that is what Mr. Odums meant to say. Therefore, based on his allegations, Mr. Odums fails to state that Cockern and Cowin were deliberately indifferent to his serious medical needs. This dismissal of the federal claims will be without prejudice. Mr. Odums can correct any deficiency against these two defendants in any proposed amended complaint he may elect to submit.

B. <u>NJDOC Central Transportation</u>

Mr. Odums also names the NJDOC Central Transportation as a defendant. However, this defendant is immune under the Eleventh Amendment for monetary damages under Section 1983.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Accordingly, "[t]he rule has evolved that a suit by private parties seeking to impose liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *See Shahin v. Delaware,* 345 F. App'x 815, 817 (3d Cir. 2009) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984)). Section 1983 does not override a state's Eleventh Amendment immunity. *See Gromek v. Maenza,* 614 F. App'x 42, 44 (3d Cir. 2015) (citing *Quern v. Jordan,* 440 U.S. 332, 345 (1979)). As a result, the NJDOC is immune from suit for money damages in federal court pursuant to the Eleventh Amendment. *See Durham v. Dep't of Corr.*, 173 F. App'x 154, 156 (3d Cir. 2006) (state department of corrections is immune from suit pursuant to the Eleventh Amendment) (citing *Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274 (1977)); *see also Whitaker v. New Jersey State Prison*, No. 15-6744, 2016 WL 781897, at *2 n.2 (D.N.J. Feb. 29, 2016) (State of New Jersey and New Jersey Department of Corrections immune from suit for money damages under Section 1983); *Williams v. Gartrell*, No. 15-5609, 2015 WL 5110913, at *2 n.2 (D.N.J. Aug. 31, 2015) (same). Therefore, Mr. Odums' federal claims against the NJDOC will be dismissed with prejudice as this defendant is immune from suit.

  C. <u>Lanigan, John Doe, John Doe I, UCHC, Dickert, Reed, Melissa Doe & John Doe</u>

Mr. Odums is also seeking to bring federal claims against defendants, Lanigan, John Doe, John Doe I, UCHC, Dickert, Reed, Melissa Doe & John Doe for their purported failure to treat

7

his leg injury. However, as pled, Mr. Odums' complaint fails to state a deliberate indifference claim to his serious medical needs against these defendants. Mr. Odums fails to plead with plausible specific facts that these defendants were aware of his serious medical need but intentionally refused to provide him with medical care. Instead, Mr. Odums merely alleges in conclusory fashion that these refused to provide him medical care or failed to correct the injury to his leg. Such conclusory allegations are insufficient under *Iqbal* to state a claim of deliberate indifference to a serious medical need. The dismissal of Mr. Odums' federal claims against these defendants will be without prejudice. Mr. Odums can correct this deficiency against some or any of these defendants in any proposed amended complaint he may elect to file.

D. State Law Claims

Mr. Odums is also seeking to bring state law claims against all of the defendants. Nevertheless, there are no more federal claims remaining. Thus, any remaining potential basis for Mr. Odums' state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, when a court has dismissed all claims over which it had federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See id.* § 1367(c)(3). Because the federal claims against the defendants no longer remain, this Court will exercise its discretion to decline supplemental jurisdiction over Mr. Odums' state law claims.

E. Motion to Appoint Pro Bono Counsel

Mr. Odums has also filed a motion to appoint pro bono counsel. (*See* Dkt. No. 2) Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson,* 126 F.3d 454, 456–57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir.

1993). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155–56, 157 n. 5; *see also Cuevas v. United States,* 422 F. App'x 142, 144–45 (3d Cir. 2011) (reiterating the *Tabron* factors). The power to appoint counsel lies solely with the discretion of this Court. *See Parham,* 126 F.3d at 457.

      Mr. Odums' motion for the appointment of counsel will be denied without prejudice. Mr. Odums has failed to state a federal claim against any of the defendants and this Court has declined to exercise supplemental jurisdiction over his state law claims. Therefore, dismissing his motion for the appointment of counsel is warranted at this time as Mr. Odums has not shown that his federal claims have merit.

## V. CONCLUSION

For the foregoing reasons, Mr. Odums' federal claims against the NJDOC are dismissed with prejudice as that defendant is immune from suit. Mr. Odums' federal claims against the remaining defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted. This Court declines to exercise supplemental jurisdiction over Mr. Odums' state law claims. Mr. Odums' motion for the appointment of pro bono counsel is denied without prejudice. Mr. Odums shall be given thirty days in which to submit a proposed amended complaint that corrects the deficiencies of his claims that are being dismissed without prejudice should he elect to do so. An appropriate order will be entered.

DATED:  December 30, 2016                                         s/Robert B. Kugler
                                                                  ROBERT B. KUGLER
                                                                  United States District Judge